## FRANK M. ATKINSON, Appellant, v. WILLIAM ELMORE et al., Respondents.

**Kansas City Court of Appeals, December 7, 1903.**

1. **BANKRUPTCY: Discharge: Notice.** Discharge in bankruptcy releases the bankrupt from all provable debts except those not duly scheduled in time, unless the creditor had notice of the proceedings.

2. ———: ———: ———: **Evidence: Agent.** The evidence is reviewed and plaintiff's assignor is held to have had notice through his agent of the pendency of bankruptcy proceedings against the defendant, and the finding of the lower court to that effect is affirmed.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

AFFIRMED.

*Charles F. Strop* and *Kendall B. Randolph* for appellant.

(1)   A discharge in bankruptcy releases a "bankrupt from all of his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." U. S. Bankruptcy Law 1898, chap. 3, sec. 17.   (2)   The court will take the findings of fact when they have been made a part of the judgment—as the facts in the case, and determine whether or not the trial court has reached correct conclusions therefrom.   Hill v. Combs, 92 Mo. App. 250; Drug Co. v. Saunders, 70 Mo. App. 221.   (3)   To affect the principal, the knowledge possessed by the agent, or the notice to the agent, must have come to the agent during his agency, and not after or before. Anderson v. Vollmer, 83 Mo. 403; Richardson v. Palmer, 24 Mo. App. 480; Wheeler v. Stock Yards & Ter. Co., 66 Mo. App. 260.

*Beardsley, Gregory & Kirshner* for respondents.

(1)   Elmore and Cooper, in good faith, listed in their schedule the notes sued upon here and gave, in good faith, the name and address of their creditor according to their best knowledge. This discharges them from this indebtedness. It is not necessary to have actual service of legal notice on the creditor as in an ordinary action *in personam*. Bank v. Moyses, 186 U. S. 181 (22 Sup. Ct. Rep. 857); U. S. Bankruptcy Law, 1898, chap. 3, sec. 17; Fider v. Mannheim, 78 Minn. 309, 81 N. W. 2.   (2)   By their dealings all parties interested in the ownership of this debt while they used the name of S. Hegner, really held out Schneider as the one who was in all matters to stand instead of S. Hegner, and Schneider had actual knowledge of the pendency

of the bankruptcy proceedings within two days after they were begun. (3) Schneider was in fact the agent of the holder of the debt. The trial court was authorized to so find from all of the evidence, as shown and set out in the findings of fact, and did so find. Mosby v. Commission Co., 91 Mo. App. l. c. 504; Hanbelt v. Mill Co., 77 Mo. App. l. c. 679; Sharp v. Knox, 84 Mo. App. l. c. 174; Gibson v. Zeibig, 24 Mo. App. l. c. 67; Greely v. Capen, 33 Mo. App. 301; Edward v. Thomas, 66 Mo. 482; Bank v. Life Ins. Co., 145 Mo. 127; Bonner v. Lisenby, 86 Mo. App. 666; Bradstreet Co. v. Gill, 2 L. R. A. 405. (4) Knowledge of the agent, in this case, is the knowledge of the principal. In re Beerman, 112 Fed. 662; Howard v. Ins. Co., 52 Mo. l. c. 191; Trust Co. v. Ins. Co., 157 Mo. 97; Laundry Co. v. Ins. Co., 157 Mo. 97; Laundry Co. v. Ins. Co., 66 Mo. App. l. c. 209; Bank v. Hoebor, 88 Mo. l. c. 43.

ELLISON, J.—This is an action whereby plaintiff seeks to recover from defendants Elmore and Cooper the balances due on three promissory notes. The defendants pleaded a discharge in bankruptcy by the federal court for the western district of Missouri. The trial was without a jury and judgment rendered for defendants, on a special finding of facts.

It appears from the findings of the trial court that defendants were the payees in a note given them by one Gillette for $2,586.98, secured by chattel mortgage on cattle. They sold the note to the German American Bank of St. Joseph, Missouri, and the bank, in turn, sold it to William and Henry Krug of the same city, who were brothers, one being a director and the other president of the bank. J. G. Schneider was vice-president and active manager of the bank. Defendants became much embarrassed financially and in 1899 their creditors, including the Krugs, gave them an extension by taking new notes payable in one, two and three years. The notes were executed to "S. Hegner," which was the

maiden name of the daughter-in-law of one of the Krugs, her husband being connected in the bank with his father as an active director and vice-president thereof. Defendants however entered these new notes in their register as payable to the bank to whom they had sold the original note. In 1900 the defendants filed voluntary petitions in bankruptcy and scheduled the notes as payable to the bank. They were afterwards discharged.

Plaintiff is assignee of the notes in suit (though it appears merely to collect) and seeks to avoid the discharge of defendants on the ground that the Krugs had no notice of the bankruptcy proceedings. By section 17 of chapter 3 of the bankrupt law of 1898, a discharge releases the debts of the bankrupt "from all his provable debts . . . except such as have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." In this case the defendants, as just stated, scheduled the bank as the creditor holding the notes in question. They were therefore not "duly scheduled" as required by the statute cited and the only question for decision is, did the Krugs, or either of them, have notice or actual knowledge of the proceeding in bankruptcy? Whatever notice or knowledge they had was such notice and knowledge as was brought home to Schneider, the manager of the bank and who defendants claim was the authorized agent of the Krugs. The trial court found that Schneider was their agent and plaintiff contends that such finding was not justified. It therefore becomes necessary to look into the connection which existed between Schneider and the Krugs.

After the note was purchased by the bank and before it was sold to the Krugs, Schneider made arrangements for the pasturage and care of the mortgaged cattle securing the note and advanced several hundred

dollars of his individual money for that purpose.  He thereby became interested in the mortgage.  After the bank sold the note to the Krugs by indorsing it over to the daughter-in-law, Schneider wrote to defendants reminding them as he had told them "several times before," that the note was not owned by the bank "but by Mr. S. Hegner, one of our friends who has asked me to look after it for him," and that, "I have just succeeded in seeing him and showed him your letter. He states that if possible he will attend the (creditors') meeting."  He then asks that letters be addressed in his care, or "you may simply write me direct."

No one representing the Krugs attended the creditors' meeting, but in a few days afterwards Schneider went down to Kansas City and accepted the same terms of extension granted by other creditors.  The Krugs ratified this act and accepted the three notes now in suit. These notes were made to include not only the amount of the original note, but the sum which Schneider advanced for care of the cattle.

When the mortgaged cattle were sold the proceeds were sent to Schneider and he, as stated in his letter, turned over the check to "S. Hegner."  Thereafter, when the first of the extension notes became due, one of the Krugs gave it to Schneider to collect, and he wrote to one of defendants asking that it be paid.  Afterwards, Schneider returned it with the statement that it could not be collected and advised that no action be taken until the other two became due.  When all became due Krug gave them all to Schneider with directions to employ attorneys and bring suit.  Thereafter, these defendants filed their petition in bankruptcy, as already stated.  The bank was notified of the proceeding by the referee.  The notice was received by Schneider and filed by him with the papers of the bank.  Schneider then wrote to defendants' attorneys to be informed of the particulars concerning such petition and for their opinion of what per cent of indebtedness would be paid.

The trial court found, as stated, in the special finding of facts, that "Schneider in all efforts towards the collection of the indebtedness represented by the notes was the real and substantial manager and agent for and on behalf of the owners" of the notes. After full consideration of the statement at length of evidence and facts found therefrom, we are of the opinion that the court was amply justified in finding that Schneider was the agent of the Krugs and that he had notice of the proceedings in bankruptcy. The law is that notice to the agent or actual knowledge of the agent of proceedings in bankruptcy is notice or knowledge of the principal. In re Beerman, 112 Fed. Rep. 662.

We have not overlooked the argument in behalf of plaintiff that there was no proof of Schneider being the agent of the Krugs at the time he received the notice of the proceedings in bankruptcy. And so we have considered what has been said on the subject of distinction between notice and actual knowledge. But we reject the argument so advanced by plaintiff. Taking the whole finding of facts together, it is clear that the court has found the agency existed as quoted above and, as already stated, there was ample room to make the finding. Proof of agency may be made much in the same way any other disputed matter is ascertained. Mosby v. Com. Co., 91 Mo. App. 504; Sharp v. Knox, 48 Mo. App. 169.

In our opinion counsel place too much stress on some expressions used by the trial court in stating the findings of facts. The court does not at any part of it state anything inconsistent with his final finding that Schneider was agent for the Krugs in all matters connected with the management and collection of the notes in controversy.

From the foregoing view of the case it will not be necessary to consider whether the fact that Schneider had a joint interest in the note (though not named

therein) would render notice to him notice to his co-obligees regardless of the question of special agency. The judgment should be affirmed. All concur.